[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs bring this action in breach of contract against defendants Dorothy Kier and Attorney Daniel J. Millstein. Defendant Kier appeared at the trial but defendant Millstein did not and was, as a result, defaulted.
To plaintiff's complaint alleging breach of contract, Defendants answered by way of denials to material allegations but interposed no special defenses.
The facts are as follows. Plaintiff, doing business as K L Builders furnished a written proposal to build an additional room on property owned by defendant Beryl Kier at 509 River Street, Meriden, Connecticut for the price of $33,000. Defendant Kier directed plaintiffs to deal with Attorney Daniel J. Millstein who examined the proposal and signed it for his client. Plaintiffs obtained a building permit from the Town of Meriden and commenced the work on February 10, 1992. Plaintiffs were paid by Attorney Millstein $11,000 in March and in April 1992. In the course of construction, plaintiffs did extras at the request of defendant Kier for which plaintiffs charged $1850. Although the contract provided the extras were to be in writing, the parties ignored that provision. After completion, plaintiff obtained a certificate of occupancy and demanded the balance due of $12,850. CT Page 7654 Although defendant Kier never expressed dissatisfaction with the job or plaintiff's workmanship, she never paid the balance owed.
At the trial, defendant Kier testified to defects, such as, bedroom panelling upside down, no return on the furnace, leak in ceiling, wrong windows installed and others. Some of these defects were confirmed by a contractor who inspected the property shortly before the trial and by photographs. However, no evidence was presented as to the cost to repair the defects or as to the diminution in the value of plaintiffs' work they caused.
The count against Attorney Millstein was to the effect that if he was not authorized to act on behalf of defendant Kier, he was responsible because he induced plaintiffs to do the work. At trial defendant Kier testified that she left everything to Attorney Millstein and that she consented to the two $11,000 checks being paid to plaintiffs. From this the court infers Attorney Millstein acted as her duly authorized agent.
Defendant Kier introduced into evidence certain mechanics liens filed against her property by subcontractors of plaintiffs.
Accordingly, judgments may enter in favor of plaintiffs against defendant Kier for $12,850, on the condition, however, that plaintiffs, simultaneously with payment of this sum, satisfy and secure releases of the mechanics liens filed against defendant Kier's property.
Robert Satter State Judge Referee